IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
MAY - 8 2014

DALE WALBRAN, an individual,

    Plaintiff,

v.

BAKER HUGHES, INCORPORATED, its parent, sister and successors companies,

    Defendant.

Case No. CJ-2014-01810

E. MARK BARCUS

ATTORNEY'S LIEN CLAIM
JURY TRIAL DEMANDED

## PETITION

COMES NOW the Plaintiff, Dale Walbran, and makes this his Petition for claims and relief against Defendant, Baker Hughes, Incorporated, hereinafter referred to as "Defendant" or "Baker Hughes", and alleges and states as follows:

## PARTIES

1. Plaintiff is an individual with his only residence being in Tulsa County, State of Oklahoma.

2. Baker Hughes, Inc. (herein "Baker Hughes") is a foreign corporation with a place of business in Tulsa County, State of Oklahoma.

## PLAINTIFF'S CAUSE OF ACTION AND JURISDICTION

3. This Petition arises due to the following causes of action: (1) Defendant's violation of the Age Discrimination in Employment Act (ADEA) of 1967 against Plaintiff for employment discrimination based on his age, and (2) Defendant's violation of the 85 O.S. §341,

**EXHIBIT 1**

et seq., for retaliatory discharge against Plaintiff for his on-the-job injury and his anticipated right to file a worker's Compensation claim and participation in a workplace medical plan.

4. The Court has jurisdiction over the subject matter and the parties to this action, and venue properly lies in the Tulsa County District Court pursuant to 12 O. S. §§133, 134, 142 and 143, because Defendant's principle place of business is in Tulsa County, Oklahoma; Defendant conducts business in Tulsa County, Oklahoma; and Plaintiff was employed by Baker Hughes in Tulsa County, Oklahoma.

5. The amount in controversy exceeds $10,000.00, exclusive of costs and interest.

## ALLEGATIONS OF FACTS

6. Plaintiff was hired by Baker Hughes in Perryton, Texas in or about 2011 as a mechanic. Plaintiff was transferred to Tulsa, Oklahoma by Baker Hughes in or about September 2012 as a technician.

7. On or about July 1, 2013, at the age of 56, Plaintiff was terminated. The reason provided to the Plaintiff was false and a ruse contrived by Baker Hughes in order to discriminate against the Plaintiff.

8. Plaintiff performed his job in a satisfactory manner, was experienced in his job duties and was qualified for his position and performed his duties in a satisfactory manner.

9. Upon good faith and belief, Plaintiff was replaced by a person who was younger and not more qualified than Plaintiff.

10. In addition, other workers, who were over 40 years of age, were also terminated. Upon good faith belief, and subject to proof, Baker Hughes engaged in a pattern or practice of discrimination against older workers.

2

11. Plaintiff's termination represents discrimination based on, either in whole or in part, his age.

12. Plaintiff injured his back while working on the job while employed for Baker Hughes in Perryton, Texas. Plaintiff complained about the injury to his supervisor who made no recommendations or offers for assistance. Plaintiff went to his own doctor on or about the following day due to pain and was given a 50 lb. weight lifting restriction. Plaintiff notified his supervisor of his doctor's recommendation, however, Plaintiff's job duties were not changed by Baker Hughes, his complaints were ignored and he was still required to lift more than 50 lbs. as part of his job. Plaintiff still continued to have back pain and continued to complain. Approximately 2 weeks later, the Baker Hughes Safety Director took Plaintiff to the company doctor who poked Plaintiff in the back and told Plaintiff he was "okay" and to go back to work. Plaintiff went back to work and was still required to lift more than 50 lbs. and complained that he was still having back pain. Baker Hughes transferred Plaintiff to Tulsa about 2 months later and put him to work assembling pumps and then fired Plaintiff about 3 months later.

13. Plaintiff had a viable workers' compensation claim and was participating in the company medical plan at the time he was fired. Plaintiff was terminated, at least in part, due to his worker's compensation claim rights or his participation in a company medical plan.

14. Plaintiff has complied with all procedural requirements. Plaintiff received his Notice-of-Suit Rights from the Equal Employment Opportunity Commission, dated February 12, 2014, on or about February 14, 2014.

**CLAIM I: DEFENDANT'S VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621, et seq., FOR AGE DISCRIMINATION**

3

15. The preceding paragraphs numbered 1 through 14 are incorporated herein by reference.

16. Defendant's discriminatory actions towards Plaintiff based on his age and failure to act to prevent Plaintiff from being discriminated against based on his age are in violation of 29 U.S.C. §621, et seq., and other applicable statutes.

17. As a result of Defendant allowing Plaintiff to be subjected to age based discrimination, Defendant has violated the Age Discrimination In Employment Act of 1967 and, as a result, Plaintiff has suffered a loss of wages, earnings and benefits, future wages, loss of incentive pay and commissions, other injuries and damages, and continues to suffer loss of wages, earnings and future earnings, and other damages in an amount in excess of ten thousand dollars ($10,000.00) in favor of Plaintiff.

18. Defendant's actions, and failure to act when it should have, were done in bad faith and with intent to injure and were oppressive, malicious and a gross and willful disregard of the known rights of Plaintiff, justifying the imposition of an award of liquidated, statutory, exemplary and special damages in an amount in excess of ten thousand dollars ($10,000.00) in favor of Plaintiff.

**CLAIM II:** **DEFENDANT'S VIOLATION OF TITLE 85 O.S. §341 FOR RETAILIATION FOR ANTICIPATED PARTICIPATION IN A WORKERS COMPENSATION CLAIM AND/OR PARTICIPATION IN A COMPANY MEDICAL PLAN**

19. The preceding paragraphs numbered 1 through 18 are incorporated herein by reference.

20. Defendant's retaliatory discharge of the Plaintiff based on his reports of on-the-job injury was in violation of 85 O.S. §341, et seq., and other applicable statutes.

21. As a result of Defendant allowing Plaintiff to be subjected to retaliatory discharge for his participation or anticipated participation in a Worker's Compensation claim and company medical plan, Plaintiff has suffered a loss of a job, loss of wages, earnings and benefits, future

4

wages, earnings and benefits, medical costs, other injuries and damages, and continues to suffer loss of wages, earnings and future earnings, nominal damages, and other damages in an amount in excess of ten thousand dollars ($10,000.00) in favor of Plaintiff, where not duplicative of any workers' compensation action.

22. Defendant's actions, and failures to act when it should have, were done in bad faith and with intent to injure and were oppressive, malicious and a gross and willful disregard of the known rights of each named Plaintiff, justifying the imposition of an award of punitive and exemplary or liquidated and statutory or special damages in an amount in excess of ten thousand dollars ($10,000.00) in favor of each named Plaintiff.

**WHEREFORE, Plaintiff prays for judgment against Defendant for:**

23. Damages to compensate Plaintiff for economic, compensatory, legal, equitable, nominal, tangible and intangible injuries and all other damages resulting from Defendant's violation of the Age Discrimination In Employment Act of 1967 for age discrimination against her in an amount in excess of ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in this and in another paragraph; and,

24. In regard to Defendant's violation of the Age Discrimination in Employment Act of 1967 against Plaintiff, appropriate liquidated, special, nominal and statutory damages in an amount exceeding ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in another paragraph; and,

25. Damages to compensate Plaintiff for economic, compensatory, legal, equitable, tangible and intangible damages and injuries and all other damages resulting from Defendants' violations of 85 O.S. §341, being retaliatory discharge for his anticipated participation in a Workers Compensation claim or employer medical plan, in excess of ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in this and in another paragraph; and,

26. In regard to Defendant's violations of 85 O.S. §341, against Plaintiff, appropriate

punitive, exemplary, liquidated, special and statutory damages in an amount exceeding ten thousand dollars ($10,000.00) for each Plaintiff, according to proof and to the extent not duplicative of the recovery in another paragraph; and,

27. Nominal damages for tangible and intangible injuries, and all other damages, according to proof and to the extent not duplicative of the recovery in this and in another paragraph; and,

28. The equitable remedy of purging Plaintiff's personnel file of any taint that has accumulated in the files of Plaintiff; and

29. Other equitable relief as is appropriate and helpful in purging Plaintiff of the effects of Defendant's actions in violation of his rights asserted above; and

30. The costs of the lawsuit herein, including appropriate pre-judgment interest and all applicable attorney's fees; and

31. Jury trial demanded; and

32. Statutory and common law attorney liens claimed; and

33. Such other and further relief as is just and proper.

Respectfully submitted,

David W. Davis, OBA #15067
David W. Davis, P.C.
601 S. Boulder, Suite 100
Tulsa, Oklahoma 74119
(918) 592-2007
Fax: (918) 592-2005
Attorney for Plaintiff

6

## VERIFICATION OF DALE WALBRAN

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

Dale Walbran, being of lawful age, upon oath state that I have read the foregoing Petition and that I am familiar with the matters set forth therein, and that the same are true and correct to the best of my information, knowledge and belief.

_____
Dale Walbran

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

Subscribed and sworn before me, a notary public, this 8th day of May, 2014, by Dale Walbran.

_____
David W. Davis

My Commission Expires: 1/28/18
My Commission # is 02001613

DAVID W. DAVIS
Notary Public in and for
STATE OF OKLAHOMA
Commission #02001613
Expires: January 28, 2018